THE FIRE COMPANIES BUILDING CORPORATION, PETITIONER, *v.* COM-
MISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 48296.   Promulgated June 3, 1931.

*James L. Fort, Esq.*, for the petitioner.
*John W. Edwards, Esq.*, for the respondent.

OPINION.

TRAMMELL: The question is whether a fire insurance company may be included in a consolidated return with an ordinary corporation not engaged in the insurance business, within the meaning of section 240 of the Revenue Act of 1926, which reads as follows:

SEC. 240. (a) Corporations which are affiliated within the meaning of this section may, for any taxable year, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner.

(b) In any case in which a tax is assessed upon the basis of a consolidated return, the total tax shall be computed in the first instance as a unit and shall then be assessed upon the respective affiliated corporations in such proportions as may be agreed upon among them, or, in the absence of any such agreement, then on the basis of the net income properly assignable to each. There shall be allowed in computing the income tax only one specific credit computed as provided in subdivision (b) of section 236.

(c) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns at least 95 per centum of the voting stock of the other or others, or (2) if at least 95 per centum of the voting stock of two or more corporations is owned by the same interests. This subdivision shall be applicable to the determination of affiliation for the taxable year 1925.

(d) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns at least 95 per centum of the stock of the other or others, or (2) if at least 95 per centum of the stock of two or more corporations is owned by the same interests. As used in this subdivision the term " stock " does not include nonvoting stock which is limited

and preferred as to dividends. This subdivision shall be applicable to the determination of affiliation for the taxable year 1926 and each taxable year thereafter.

The petitioner in his brief sets out that the statute makes two exceptions with respect to corporations which shall not be included in a consolidated return, that is, corporations organized under the China Trade Act and a corporation entitled to the benefits of section 262, and that under the rule *expressio unius est exclusio alterius*, the specific mention of two exceptions, that is (e) and (g) of section 240, excludes any other exception. Our attention is also called to the definition of a corporation contained in section 2 of the Act, which provides that the term " corporation " includes associations, joint stock companies and insurance companies.

The petitioner also calls our attention to the practice of the Bureau in permitting insurance companies to be included in a consolidated return with an ordinary corporation. The argument is also made that the Revenue Act of 1928, which specifically excludes insurance companies from being included in consolidated returns with ordinary corporations, is not retroactive and that the change in the language of that act indicates a change in the law.

The insurance companies, however, including fire insurance companies, are treated and taxed in a manner wholly distinctive from other corporations. They are put in a class by themselves. An insurance company, other than a life or mutual insurance company, is taxed under section 246 of the Revenue Act of 1926, which is the statute involved. In the case of such company the gross income means combined gross amount earned during the taxable year, from investment income and from underwriting income, computed upon the basis of the underwriting and investment exhibit of the annual statement approved by the National Convention of Insurance Commissioners.

Corporations, other than insurance companies should include in gross income gains, profits and income derived from trades, businesses, commerce, or sales or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. See section 213.

In the case of corporations certain deductions are allowed by statute in the computation of net income. An analysis of the items allowed as deductions in the case of ordinary corporations and insurance companies likewise discloses a wide divergence between the method of treating the two classes of corporations. Not only is the

theory of taxation of the two kinds of corporations radically different, but section 240 (b) of the Revenue Act of 1926 provides in the case of a consolidated return, " the total tax shall be computed in the first instance as a unit and shall then be assessed upon the respective affiliated corporations on the basis of the net income properly assignable to each." Under the 1926 Act, in the case of an insurance company such as is involved in this case, the net income is subject to tax at the rate of $12\frac{1}{2}$ per cent under section 246 (a) (1), while in the case of an ordinary corporation the income is subject to tax at the rate of $13\frac{1}{2}$ per cent under section 230 (a) (2).

It is manifest that if the tax is to be computed in the first instance as a unit it can not be computed at both $13\frac{1}{2}$ per cent and at $12\frac{1}{2}$ per cent. If an insurance company were included in a consolidated return wherein the income from the two kinds of corporations was included, a tax either at $12\frac{1}{2}$ per cent or $13\frac{1}{2}$ per cent would not be authorized by law, nor would a mean between the two be the statutory rate of taxation. It would thus be impossible under the statute to give effect to section 230 (a) (2) and to section 246 (a) (1), and at the same time give effect to section 240 (b).

While section 240 makes no exceptions in its terms with respect to insurance companies, an insurance company could not be included in a consolidated return, both the insurance company and the non-insurance company having income the total tax upon which is to be computed in the first instance as a unit, without violating other provisions of the statute. Section 246 (a) (1), which provides a rate of tax of $12\frac{1}{2}$ per cent upon the net income of insurance companies, contains no exception or proviso in case such an insurance company should be included in a consolidated return with other companies.

In view of the fact that insurance companies are placed in a class by themselves and taxed wholly differently, from other corporations, and the fact that they could not be included in a consolidated return without violating other provisions of the statute, we think that it is clear that Congress did not intend that they should be included in a consolidated return with other companies and that it was the intention that the statute relating to consolidated returns (section 240) should be limited in its application to corporations subject to tax at the same rate so that the tax could be computed in the first instance as a unit.

We think that the legislative history of the consolidated return section, section 141 of the Revenue Act of 1928, gives support to this view. 

In reporting the bill which was enacted the Conference Committee made the following explanation with respect to section 141 (e), which

provided that an insurance company subject to tax by section 201 or 204 of the Act should not be included in the same consolidated return with a corporation subject to tax under section 13. The Committee in its report stated (Committee Report 1882, May 25, 1928, page 17) : " The House recedes with a clarifying amendment to subdivision (e) of the Senate amendment providing specifically that an insurance company subject to tax under section 202 or 204 shall not be included in the same consolidated return with a corporation subject to tax imposed in section 13."

The Committee referred to the change contained in the Revenue Act of 1928 excluding insurance companies from a consolidated return with other corporations as being a clarifying provision. In other words, they expressed the view that this was put in the 1928 Act for the purpose of clarifying what had been contained in the 1926 Act.

From what we have said above, we think that it was the intention of the 1926 Act that insurance companies should not be included in a consolidated return with other corporations, and the 1928 Act merely made that intention perfectly clear.

The Circuit Court of Appeals for the Second Circuit, in the case of *Merle-Smith* v. *Commissioner*, 42 Fed. (2d) 837, has recently held that a subsequent statute may be construed as a clarification of a previous act rather than as a change in the law.

For the foregoing reasons it is our opinion that the petitioner and the American Eagle Fire Insurance Company are not entitled to file a consolidated return.

Reviewed by the Board.

*Judgment will be entered for the respondent.*