AMERICAN EXCHANGE SECURITIES CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 56057. Promulgated September 20, 1933.

*William H. Harding, Esq., H. C. Kilpatrick, Esq.*, and *Herbert M. Brune, Jr., Receiver*, for the petitioner.
*Henry A. Cox, Esq.*, for the respondent.

**42**

OPINION.

SMITH: The sole question presented by this proceeding is whether the petitioner is authorized under the statute to file a consolidated return with the New York Fire Insurance Co. for the calendar year 1928. The respondent has denied the petitioner this right upon the authority of *Fire Companies Building Corp.*, 23 B.T.A. 550; affd. (C.C.A., 2d Cir.), 54 Fed. (2d) 488; certiorari denied, 286 U.S. 546; *Cincinnati Underwriters Agency Co.* v. *Commissioner* (C.C.A., 6th Cir.), 63 Fed. (2d) 309; certiorari denied, 289 U.S. 754. The petitioner contends that the decision of the Board in *Fire Companies Building Corp.*, *supra*, was predicated in large part upon the fact that the rate of tax imposed upon a domestic corporation by section 230 (a) (2) of the Revenue Act of 1926 was 13½ percent of the net income, while the rate of tax imposed upon a fire insurance company under section 246 (a) (1) of the same act was 12½ percent of the net income. The Board stated in its opinion:

In view of the fact that insurance companies are placed in a class by themselves and taxed wholly differently, from other corporations, and the fact that they could not be included in a consolidated return without violating other provisions of the statute, we think that it is clear that Congress did not intend that they should be included in a consolidated return with other companies and that it was the intention that the statute relating to consolidated returns (section 240) should be limited in its application to corporations subject to tax at the same rate so that the tax could be computed in the first instance as a unit.

The petitioner argues that no such objection can be made against the filing of the consolidated return for the year 1928 and that section 141 (e) of the Revenue Act of 1928, reading as follows:

A consolidated return shall be made only for the domestic corporations within the affiliated group. An insurance company subject to the tax imposed by section 201 or 204 shall not be included in the same consolidated return with a corporation subject to the tax imposed by section 13.

is no bar to the filing of a consolidated return for the calendar year 1928.

It is to be noted, however, that the difference in rates imposed by the Revenue Act of 1926 upon insurance companies and ordinary domestic corporations was not the only consideration for the Board's ruling in *Fire Companies Building Corp.*, *supra*. The Board pointed out in its opinion that the method of computing the net income of a fire insurance company was markedly different from the method of computing the net income of an ordinary domestic corporation. The taxing statute placed insurance companies in a class by themselves for the purpose of the computation of net income. The Board still adheres to its view that it was not the intention of Congress to permit the affiliation of ordinary domestic corporations with insurance companies. The case of *Cincinnati Underwriters Agency Co.* v. *Commissioner*, *supra*, is directly in point. Answering the argument of petitioner that, since the Revenue Act of 1928 expressly excluded insurance companies from affiliation with non-insurance companies commencing with the year 1929, it must be assumed that in the earlier acts Congress regarded it as being permitted, the Circuit Court of Appeals for the Sixth Circuit said:

It is true that under earlier acts, and to some extent under the act of 1926, the Internal Revenue Department permitted affiliations between insurance companies and other corporations. There were provisions even in the earlier acts which made it impracticable to permit the affiliation, and we can find no justification for the department's practice under those acts. * * * We agree with the view expressed in *Fire Companies Building Corporation* Case, *supra*, that this difference in the two acts is "too fragile" to indicate an intention to interpret the law of 1926 as permitting affiliation, and that it is just as reasonable to assume that the intent of the change was "to leave the situation as it had been" and "to make it clear that for the future, at any rate, affili-

**44**

ation should be limited to corporations of the same sort." Besides, as already stated, there was no provision in any of the prior acts for a tax rate applicable to the consolidated income of these differently taxed units, and in our view the Commissioner had no authority to apply the higher class rate to the consolidated result.

*Judgment will be entered for the respondent.*